Bigelow, J.
The defendant objects to the instructions given to the jury in this case, on the ground, that they were equivalent to a direction, on the part of the court, to a minority of the jury to yield their own opinions and judgment to the views of the majority, and render a verdict in conformity therewith; or, in other words, that a dissenting juror was bound to take into consideration the opinions of his fellows, as an element by which his own convictions were to be controlled. But we do not so understand the purport and effect of the language used by the judge who tried the cause. The instructions went no further, than to say, that if any of the jury differed, in their views of the evidence, from a large number of their fellows, such difference of opinion should induce the minority to doubt the correctness of their own judgments, and lead them to a reexamination and closer scrutiny of the facts in the case, for the purpose of revising and reconsidering their preconceived opinions. In this view, the court did nothing more than to present to the minds of the dissenting jurors a strong motive to unanimity.
Upon a careful consideration of these instructions, we are clearly of opinion, that so far from being improper, or of a nature to mislead, they were entirely sound, and well adapted to bring to the attention of the jury one of the means by which they might be safely guided in the performance of their duty. A proper regard for the judgment of other men will often greatly aid us in forming our own. In many of the relations of life, it becomes a duty to yield and conform to the *4 opinions of others, when it can be done without a sacrifice of conscientious convictions; more especially is this a duty, when we are called on to act with others, and when dissent on our part may defeat all action, and materially affect the rights and interests of third parties. Such is the rule of duty constantly recognized and acted on by courts of justice. They not only form their opinions, but reconsider, revise, and modify their own declared judgments, by the aid and in the light of the decisions of other tribunals. But this could not be done, if it were not permitted to them to doubt and correct then opinions, when they were found to differ from those of other men, who have had equal opportunities of arriving at sound conclusions with themselves.
The jury room is, surely, no place for pride of opinion, or for espousing and maintaining, in the sprat of controversy, either side of a cause. The single object to be there effected is to arrive at a true verdict: and this can only be done by deliberation, mutual concession, and a due deference to the opinions of each other. By such means and such only, in a body where unanimity is required, can safe and just results be attained; and without them, the trial by jury, instead of being an essential aid in the administration of justice, would become a most effectual obstacle to it. Exceptions overruled.